IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT Y. WOOD AND ERG ILLINOIS HOLDINGS, INC., | § § § | |
| PLAINTIFFS, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-2198 |
| PENNTEX RESOURCES, L.P. AND LANCE T. SHANER, | § § § § | |
| DEFENDANTS. | § § | |

**DEFENDANT'S MOTION FOR CONFIRMATION OF COMMERCIAL AWARD OF ARBITRATOR AND FOR FINAL JUDGMENT**

Defendant, PennTex Resources, L.P., files Defendant's Motion For Confirmation Of Commercial Award Of Arbitrator And For Final Judgment ("Defendant's Motion"), moving the Court for an order confirming the Commercial Award Of Arbitrator dated August 16, 2007, and issued in the arbitration proceeding between PennTex Resources, L.P. and Lance T. Shaner, claimants, and ERG Illinois Holdings, Inc. and Scott Y. Wood, respondents, and for a final judgment thereon. For same, PennTex Resources, L.P. would respectfully show as follows:

**APPLICABLE LAW**

1. Defendant's Motion is governed by the terms of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* The underlying arbitration proceeding was conducted pursuant to an arbitration provision contained in a 2005 Stock Purchase Agreement By And Among PennTex Resources, L.P., Penn Tex Energy Inc., ERG Illinois Holdings, Inc., And ERG Illinois, Inc. Dated: January 12, 2005 (the "2005 Stock Purchase Agreement" or "Agreement"), which agreement evidences a transaction involving interstate commerce. 9 U.S.C. §§ 1-2. A copy of

the 2005 Stock Purchase Agreement, without attachments, is attached as **Exhibit A**; the arbitration provision of the Agreement is set forth in Section 11.6.  *See also* Affidavit Of J. Todd Shields ("Shields Affidavit") at ¶ 4 (authenticating copy of Agreement).  The Shields Affidavit is attached as **Exhibit G**.

## PARTIES

2. The plaintiff in this action is Scott Y. Wood ("Wood").  Wood, who was a respondent in the arbitration proceeding, is a citizen of the State of Texas.

3. The additional plaintiff in this proceeding is ERG Illinois Holdings, Inc. ("ERG Holdings").  ERG Holdings, which was a respondent in the arbitration proceeding, is a Texas corporation that maintains its principal place of business in Harris County, Texas.  ERG Holdings is being added as a party to this action by service of notice of Defendant's Motion on its attorney pursuant to 9 U.S.C. § 9.  This service, which pursuant to 9 U.S.C. § 9 will give this Court in personam jurisdiction over ERG Holdings as though it had appeared generally in this proceeding, will be made in the manner as prescribed by law for service of notice of a motion in an action in this Court.  *See* Notification Of Defendant's Motion For Confirmation Of Commercial Award Of Arbitrator And For Final Judgment, *infra* at p. 8.

4. PennTex Resources, L.P. ("PennTex"), a defendant in this action and a claimant in the arbitration proceeding, is a limited partnership.  PennTex's general partner, Penn Tex Energy, Inc., is a Delaware corporation that maintains its principal place of business in the Commonwealth of Pennsylvania.  PennTex's limited partner, Rex Energy Corporation, is a Delaware corporation that maintains its principal place of business in the Commonwealth of Pennsylvania.  At the time the underlying arbitration proceeding was conducted, PennTex's limited partner was Lance T. Shaner, a citizen of the Commonwealth of Pennsylvania.

5. Lance T. Shaner ("Shaner"), a defendant in this action and a claimant in the arbitration proceeding, is a citizen of the Commonwealth of Pennsylvania. Shaner was dismissed as a party in the arbitration proceeding, and the arbitration tribunal held that PennTex was solely responsible for performance of all obligations imposed on PennTex by the arbitration tribunal, and that PennTex was the sole beneficiary of the awards that the arbitration tribunal entered in favor of PennTex. Accordingly, Shaner should be dismissed from this action.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship among the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. This Court has authority to confirm the arbitration award pursuant to 9 U.S.C. § 9.

7. The venue of this action in the United States District Court for the Southern District Of Texas is proper pursuant to 28 U.S.C. § 1391(a)(2) and 9 U.S.C. § 9 because the underlying arbitration proceeding was conducted in Houston, Texas, in June, 2007, and the parties agreed in the 2005 Stock Purchase Agreement that a judgment confirming the final award in any arbitration proceeding between them could be entered "in any court of competent jurisdiction in the United States." *See* 2005 Stock Purchase Agreement, Exhibit A at Section 11.6(a)(vii).

## BACKGROUND

8. The arbitration provision of the 2005 Stock Purchase Agreement applies to "[a]ll disputes arising under this Agreement." *See* 2005 Stock Purchase Agreement, Exhibit A at Section 11.6(a). This provision calls for "binding arbitration" of any dispute that cannot be resolved by agreement of the parties, and states that "[t]he arbitration will be held in Houston,

3

Harris County, Texas before a panel of three arbitrators." *See* 2005 Stock Purchase Agreement, Exhibit A at Sections 11.6(a) and 11.6(a)(i). The provision further states that the arbitrators will deliver a written decision after the hearing, which decision "will be considered as a final and binding resolution of the disagreement, will not be subject to appeal and may be entered as an Order in any court of competent jurisdiction in the United States." *See* 2005 Stock Purchase Agreement, Exhibit A at Sections 11.6(a)(v) and 11.6(a)(vii).

9. On June 30, 2006, Wood filed this action seeking declarations that he was not a party to the arbitration provision of the 2005 Stock Purchase Agreement, that he would not be bound by any award made in the arbitration proceeding that PennTex and Shaner had recently initiated, and that arbitration was premature in any event. In a Memorandum And Order dated October 23, 2006, this Court held, *inter alia*, that Wood was a party to relevant provisions of the 2005 Stock Purchase Agreement, and that arbitration was not premature. The Court then granted PennTex and Shaner's motion to compel arbitration of a dispute regarding Wood's obligation under the Agreement to dismiss or release claims he has asserted in certain state court litigation referred to in the indemnity provisions of the Agreement as the "Tsar Case." On November 2, 2006, the Court stayed and administratively closed this action pending the final award in the underlying arbitration proceeding.

10. In the underlying arbitration proceeding, PennTex and Shaner pursued claims against both Wood and Wood's wholly-owned company, ERG Holdings, which was a signatory party to the 2005 Stock Purchase Agreement. Shields Affidavit, Exhibit G at ¶ 8. In accordance with the arbitration provision of the Agreement, PennTex and Shaner appointed Frank W. Blue to serve as an arbitrator, and ERG Holdings appointed Allen C. Cummings to serve as an arbitrator. Shields Affidavit, Exhibit G at ¶ 6. As contemplated by the 2005 Stock Purchase

Agreement, the two arbitrators then appointed R. Doak Bishop to be a third arbitrator. Shields Affidavit, Exhibit G at ¶ 6.

11. On December 19, 2006, the arbitration tribunal signed an Agreed Scheduling Order establishing dates for the filing of dispositive motions, and for the final hearing in the arbitration proceeding. A copy of this Agreed Scheduling Order is attached as **Exhibit B**. *See also* Shields Affidavit, Exhibit G at ¶ 7 (authenticating copy of Agreed Scheduling Order). Under the terms of the Agreed Scheduling Order, the arbitration tribunal was given thirty days from the date it declared the hearing closed within which to prepare a written award. *See* Agreed Scheduling Order, Exhibit B; Shields Affidavit, Exhibit G at ¶ 7.

12. On April 13, 2007, the parties filed dispositive motions regarding a number of claims and issues, and on June 19, 2007, the arbitration tribunal conducted a hearing at which it heard oral arguments on those dispositive motions. Shields Affidavit, Exhibit G at ¶ 8.

13. On June 25 and 26, 2007, the arbitration tribunal conducted a final hearing in Houston, Texas at which evidence and arguments were presented on behalf of all parties to the arbitration proceeding, namely, PennTex, Shaner, Wood and ERG Holdings. Shields Affidavit, Exhibit G at ¶ 8.

14. On June 26, 2007, the arbitration tribunal declared that the final hearing in the arbitration proceeding would be deemed closed on July 19, 2007. Shields Affidavit, Exhibit G at ¶ 9. On August 16, 2007, the arbitration tribunal released to the American Arbitration Association for delivery to the parties its "Commercial Award of Arbitrator" dated August 16, 2007. Shields Affidavit, Exhibit G at ¶ 9. On August 20, 2007, the American Arbitration Association delivered copies of the award to the parties. Shields Affidavit, Exhibit G at ¶ 9. A copy of the Commercial Award Of Arbitrator is attached as **Exhibit C**. *See also* Shields

Affidavit, Exhibit G at ¶ 9 (authenticating copy of Commercial Award Of Arbitrator). The Commercial Award Of Arbitrator, which was signed by R. Doak Bishop and Allen C. Cummings, and dissented from by Frank W. Blue, declares that it is "in full settlement of all claims and counterclaims submitted to this Arbitration." Commercial Award Of Arbitrator, Exhibit C at ¶ 87.

15. On August 23, 2007, pursuant to the applicable commercial arbitration rules of the American Arbitration Association, PennTex filed a request with the American Arbitration Association seeking correction of clerical and typographical errors in the Commercial Award Of Arbitrator. Shields Affidavit, Exhibit G at ¶ 10. A copy of that request, the response thereto by the respondents, and PennTex's reply are attached as **Exhibits D**, **E**, and **F**, respectively. *See also* Shields Affidavit, Exhibit G at ¶ 10 (authenticating copies of request, response, and reply). PennTex will supplement Defendant's Motion to provide a copy of any corrected version of the Commercial Award Of Arbitrator that may be issued by the arbitration tribunal.

16. The Federal Arbitration Act requires that this Court sign an order confirming the award unless the award is vacated, modified or corrected pursuant to 9 U.S.C. §10 and §11. *See* 9 U.S.C. § 9. Under all the relevant circumstances, there are no grounds, statutory or otherwise, upon which this Court may make an order vacating, modifying, or correcting the award.

17. Pursuant to 9 U.S.C. § 13, PennTex files the following papers with the clerk:

(a) 2005 Stock Purchase Agreement (Exhibit A attached hereto);

(b) Agreed Scheduling Order (Exhibit B attached hereto);

(c) Commercial Award Of Arbitrator (Exhibit C attached hereto);

(d) Notification Of Defendant's Motion For Confirmation Of Commercial Award Of Arbitrator And For Final Judgment (*infra* at p. 8);

(e) Affidavit Of J. Todd Shields (Exhibit G attached hereto);

(f) [Proposed] Order Granting Defendant's Motion For Confirmation Of Commercial Award Of Arbitrator And For Final Judgment (filed herewith); and

(g) [Proposed] Final Judgment (filed herewith).

**PRAYER**

For the foregoing reasons, and pursuant to 9 U.S.C. § 9, PennTex respectfully requests that the Court promptly (1) sign an order, in the form filed concurrently herewith, confirming the Commercial Award Of Arbitrator dated August 16, 2007, in the arbitration proceeding between PennTex Resources, L.P. and Lance T. Shaner, claimants, and ERG Illinois Holdings, Inc. and Scott Y. Wood, respondents, and (2) sign a final judgment in the form filed concurrently herewith.

Respectfully submitted,

**FULBRIGHT & JAWORSKI L.L.P.**


By:     /s/ J. Todd Shields
             J. Todd Shields
Federal I.D. No. 3582
State Bar No. 18260500
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
713/651-3762 (telephone)
713/651-5246 (facsimile)

**ATTORNEY-IN-CHARGE FOR DEFENDANT, PENNTEX RESOURCES, L.P.**

Of Counsel:

**FULBRIGHT & JAWORSKI L.L.P.**
Matthew A. Dekovich
Federal I.D. No. 601675
State Bar No. 24045768
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

**ATTORNEYS FOR DEFENDANT,
PENNTEX RESOURCES, L.P.**

**NOTIFICATION OF DEFENDANT'S MOTION FOR CONFIRMATION OF COMMERCIAL AWARD OF ARBITRATOR AND FOR FINAL JUDGMENT**

TO: ERG Illinois Holdings, Inc., By And Through Its Attorneys Of Record, John M. Zukowski, Zukowski, Bresenhan & Sinex, L.L.P., 1177 West Loop South, Suite 1100, Houston, Texas 77027.

I hereby certify that, on September 13, 2007, acting pursuant to 9 U.S.C. § 9, I gave notification to ERG Illinois Holdings, Inc., by and through this notice served on its attorneys of record by both courier delivery and United States mail, that PennTex has filed the above and foregoing Defendant's Motion For Confirmation Of Commercial Award Of Arbitrator And For Final Judgment in the above-styled and numbered action.

                                                /s/ J. Todd Shields
                                                   J. Todd Shields

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on September 13, 2007, I electronically filed the above and foregoing instrument with the Clerk of the Court using the CM/ECF system, and that this instrument is therefore available for viewing and downloading from the Court's ECF System. I further certify that on September 13, 2007, I electronically served the above and foregoing instrument on plaintiff's counsel of record herein, who, as a registered user of record, will receive notices of electronic filing that will be automatically generated and transmitted by the Court's ECF system.

I further certify that on September 13, 2007, pursuant to Rule 5(d) of the Federal Rules Of Civil Procedure, I served a copy of the above and foregoing instrument on all counsel for the parties in this action who are not deemed to have consented to receive electronic service by both courier delivery and United States mail.

                                                 /s/ J. Todd Shields
                                                    J. Todd Shields